SUMMARY ORDER

Xin Di Huang, a native and citizen of the People’s Republic of China, seeks review of a September 23, 2008 order of the BIA affirming the February 9, 2007 decision of Immigration Judge (“IJ”) Barbara A. Nelson, denying his application for asylum and withholding of removal. In re Xin Di Huang, No. A79 780 978 (B.I.A. Sep. 23, 2008), aff'g No. A79 780 978 (Immig. Ct. N.Y. City Feb. 9, 2007). We assume the parties’ familiarity with the underlying facts and procedural history of this case.
When the BIA adopts the decision of the IJ and supplements the IJ’s decision, we review the decision of the IJ as supplemented by the BIA. See Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir.2005). We review the agency’s factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see also Manzur v. U.S. Dep’t of Homeland Sec., 494 F.3d 281, 289 (2d Cir.2007). We review de novo questions of law and the application of law to undisputed fact. Salimatou Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir.2008).
As an initial matter, we find that Huang has waived any argument that he suffered past persecution. See Yueqing Zhang v. Gonzales, 426 F.3d 540, 545 n. 7 (2d Cir.2005). We further find that the agency *42 did not err in finding that Huang failed to demonstrate a well-founded fear of future persecution.
To the extent Huang bases his claim on threats of forced abortion made against his wife, we held in Shi Liang Lin that the definition of “refugee” under 8 U.S.C. § 1101(a)(42) does not extend automatically to partners of individuals who have been forcibly sterilized or forced to have an abortion. Shi Liang Lin v. U.S. Dept. of Justice, 494 F.3d 296, 314 (2d Cir.2007).
Further, to the extent that Huang argues that he has demonstrated his own well-founded fear of future persecution, when this case was last before us, we concluded that the agency had reasonably determined to the contrary. Because Huang declined to provide additional evidence on remand, we see no reason to revisit our previous conclusion. See Ali v. Mukasey, 529 F.3d 478, 490 (2d Cir.2008) (“The law of the case doctrine, while not binding, counsels a court against revisiting its prior rulings in subsequent stages of the same case absent cogent and compelling reasons such as an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.”) (quotation marks and citation omitted).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).